#### UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF MISSISSIPPI

STEVE BINGHAM                  PLAINTIFF

v.                  CIVIL ACTION NO. 1:10CV123-GHD-DAS

CITY OF WEST POINT, MISSISSIPPI;
JASPER PITTMAN; ROD BOBO;
CHARLES COLLINS; AND HOMER CANNON        DEFENDANTS

#### PRETRIAL ORDER

1.    Choose [by a ✔ mark] one of the following paragraphs, as is appropriate to the action:

*If a pretrial conference was held*

> A pretrial conference was held as follows:
>
> Date: February 9, 2012     Time: 9:00 AM
>
> United States Courthouse at Aberdeen, Mississippi before the following judicial officer:
>
> U.S. Magistrate Judge David A. Sanders

The final pretrial conference having been dispensed with by the judicial officer, the parties have conferred and agree upon the following terms of this pretrial order:

2.    The following counsel appeared:

    a.    For the Plaintiff:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| Robert E. Sanders | YoungWilliams, P.A.<br>P.O. Box 23059<br>Jackson, MS 39225-3059<br>rsanders@youngwilliams.com | 601.948.6100 |

    **b.**    For the Defendants:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| J. Lawson Hester | Wyatt, Tarrant & Combs, LLP | 601.987.5300 |
| Michelle T. High | P.O. Box 16089 | |
| | Jackson, MS 39236-6089 | |
| | lhester@wyattfirm.com | |
| | mhigh@wyattfirm.com | |

**3.** The pleadings are amended to conform to this pretrial order.

**4.** The following claims (including claims stated in the complaint, counterclaims, cross claims, third-party claims, etc.) have been filed:

    a.    42 U.S.C. §1981 race discrimination claim

        The Court has dismissed the Plaintiff's claims brought pursuant to 42 U.S.C. §1981.

    b.    42 U.S.C. §2000e, *et seq.* race discrimination claim

        The Court has dismissed the Plaintiff's 42 U.S.C. §2000, claims against the individual defendants. However, a claim against the City of West Point remains.

    c.    state law wrongful termination claim

        The Court has dismissed the Plaintiff's state law wrongful termination claim.

    d.    defamation per se

        The Court has dismissed the Plaintiff's defamation claim.

    e.    intentional infliction of emotional distress claim

        The Court has dismissed the Plaintiff's intentional infliction of emotional distress claim.

**5.** The basis for this court's jurisdiction is:

28 U.S.C. § 1331; 42 U.S.C. §2000, *et seq.*, 42 U.S.C. §1981, 42 U.S.C. §1988

**6.** The following jurisdictional question(s) remain(s): None.

**7.** The following motions remain pending:

None.

FORM 3 (ND/SD MISS. DEC. 2011)

8.  The parties accept the following **concise** summaries of the ultimate facts as claimed by:

   a.  Plaintiff:

   The plaintiff is a white male. He was hired by the City of West Point on November 1, 2006, as Chief of Police. When he was hired, the Board of Selectmen for West Point was majority white. The plaintiff was well qualified for the position and did an excellent job for West Point.

   A municipal election was had in West Point in April, 2009. As a result of that election, the Board of Selectmen for West Point became majority African American. The new Board, consisting of four African Americans and one white took office on July 1, 2009. The first full meeting of the new Board of Selectmen was had on August 11, 2009. The plaintiff was wrongfully discharged on that date on account of race. The four African American Selectmen voted to discharge the plaintiff. The lone white Selectman voted against the discharge. A less qualified African American was selected to succeed the plaintiff as acting Chief of Police.

   The defendants, Jasper Pittman, Rob Bobo, Charles Collins, and Homer Cannon are the four African American Selectmen who voted to wrongfully discharge the plaintiff. The defendants also engaged in a course of conduct to wrongfully discharge other white city employees on account of race.

   The Plaintiff has suffered loss of back pay, front pay and distress and mental suffering as a result of the wrongful discharge.

   b.  Defendants:

   The Plaintiff began his employment with the City of West Point on November 1, 2006, when he was appointed Chief of Police for the West Point Police Department. During his tenure, some individuals with the City of West Point and on the Board of Selectmen had concerns and/or disagreements with the manner in which the Plaintiff performed his job. At the regularly scheduled meeting of the Board of the Mayor and Selectmen on August 11, 2009, the Board members entered executive session and discussed the Plaintiff's continued employment with the Police Department. During executive session the Board members discussed police presence on the street, the ratios of the patrolmen to investigators and morale of officers. Subsequently, after exiting executive session, the Board of Selectmen voted to terminate the Plaintiff from his position as Chief of Police. Each of the five members of the Board of Selectmen had one vote to cast and ultimately, by a vote of 4-1, the decision to terminate the Plaintiff was made.

   There were a variety of reasons for the Plaintiff's termination including personality problems, morale, the organization of the Police Department, a concern that there was a low level of successes on cases presented to the grand jury by investigators with the Police Department and the perception that the Plaintiff was requiring a certain number of tickets to be written.

FORM 3 (ND/SD MISS. DEC. 2011)

Selectman Jasper Pittman voted to terminate the Plaintiff because he felt that the City of West Point's Police Department was headed in the wrong direction. Pittman had received numerous complaints about the lack of police visibility in his ward and he felt that there were too many detectives under the Plaintiff's supervision and not enough patrol officers. Pittman also testified that he had concerns that all of the detectives were black and that white detectives had been pulled from their positions. In addition, Pittman had concerns about the Plaintiff's interaction with the community.

Selectman Charles Collins voted to terminate the Plaintiff was his concerns about the safety of the community and what he believed to be improper training of investigators and budget / economic concerns. In addition, Collins had heard citizens complaining about police visibility.

Selectman Homer Cannon voted to terminate the Plaintiff because he felt there were not enough officers patrolling the street and there were too many investigators whose work was inadequate. In addition, Cannon testified that he felt the Plaintiff was a poor administrator because he "was constantly going over budget."

Selectman Rod Bobo voted to terminate the Plaintiff primarily because of the Plaintiff's administrative style. Bobo did not believe the city streets were being adequately patrolled despite having the manpower within the Department to do so. Bobo also felt that the resources of the Police Department were being improperly allocated. Although the Department had nine detectives, the grand juries were returning no bills and the criminals were being sent back out onto the streets. Bobo believed the misallocation of resources led to a "vicious cycle that the city was footing the bill for," and believed the community could have been better served by allocating resources towards preventative maintenance rather than corrective maintenance. He believed there needed to be more visibility of the officers on the street.

Race was not a factor in the decision to terminate the Plaintiff, as shown by the minutes of the City of West Point's Mayor and Board of Selectmen meeting of August 11, 2009.

9.   a.   The following facts are established by the pleadings, by stipulation, or by admission:

      1.   The plaintiff is a white male. He was hired by the City of West Point on November 1, 2006, as Chief of Police.

      2.   When Plaintiff Bingham was hired by the City of West Point, the Board of Selectmen for West Point consisted of three white individuals and two black individuals.

      3.   A municipal election was had in West Point in April, 2009. As a result of that election, Rod Bobo (black), Homer Cannon (black), Charles Collins (black), Keith McBrayer (white) and Jasper Pittman (black) were elected for Board positions.

      4.   The newly elected Board took office on July 1, 2009.

      5.   Steve Bingham was terminated on August 11, 2009.

FORM 3 (ND/SD MISS. DEC. 2011)

6. On August 11, 2009, Jasper Pittman, Rob Bobo, Charles Collins, and Homer Cannon voted to discharge the plaintiff.

7. At the time of Steve Bingham's termination, Rod Bobo was acting as a member of the West Point Board of Selectmen.

8. At the time of Steve Bingham's termination, Homer Cannon was acting as a member of the West Point Board of Selectmen.

9. At the time of Steve Bingham's termination, Charles Collins was acting as a member of the West Point Board of Selectmen.

10. At the time of Steve Bingham's termination, Keith McBrayer was acting as a member of the West Point Board of Selectmen.

11. At the time of Steve Bingham's termination, Jasper Pittman was acting as a member of the West Point Board of Selectmen.

12. At the time of Steve Bingham's termination, H. Scott Ross was acting as Mayor of the City of West Point.

13. Steve Bingham was employed by the City of Booneville, Mississippi following his employment with the City of West Point, Mississippi.

b. The contested issues of fact are as follows:

Plaintiff:

1. Whether race was a factor in the decision to discharge the plaintiff. (mixed question of fact and law)

2. Whether plaintiff was discharged for a legitimate, not-discriminatory reason. (mixed question of fact and law)

3. Whether the plaintiff is entitled to back pay, front pay, compensatory damages and punitive damages, and, if so, in what amount. (mixed question of fact and law)

Defendants:

The Defendants do not believe there are any contested material facts.

c. The contested issues of law are as follows:

1. Whether or not the Plaintiff has a prima facie right to consideration by the finder of fact of any award of punitive damages, and the recoverability of such damages under the applicable legal standards and statutory

FORM 3 (ND/SD MISS. DEC. 2011)

        procedures set forth in Defendants' Answer and / or Miss. Code Ann.§ 11-1-65.

2.    Whether or not the Plaintiff can establish a prima facie 42 U.S.C.§ 2000, *et seq.* claim.

3.    Whether, to the extent that Plaintiff's Complaint seeks any award or assessment of punitive damages against these Defendants, such awarded would be contrary to law, and would be violative of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further and more specifically, the awarding and /or assessment of punitive damages would violate Article 3, Section 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment of the Constitution of the United States, both of which prohibit the imposition of excessive fines. Further, whether the awarding and /or assessment of punitive damages would be violative of the Fifth and fourteenth Amendments to the United States Constitution and/or Article 3, Section 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law. Whether or not Plaintiffs are not entitled to punitive damages in any amount, and any evidence or procedure under which the Court allows Plaintiffs to introduce for the purpose of providing punitive damages must be in accordance with the procedures set forth in Miss. Code Ann. §11-1-65 as amended.

4.    Whether Plaintiff's claim for punitive damages, if any, cannot be sustained because an award of punitive damages under Mississippi law without proof of every element of such claim beyond a reasonable doubt would violate Defendants= rights under the Fourteenth Amendment of the United States Constitution and under Article 3, Section 14 of the Constitution of the State of Mississippi.

5.    Whether the Plaintiff is entitled to compensatory damages, and, if so, in what amount.

6.    Whether the Plaintiff is entitled to attorneys' fees, back pay, and front pay.

7.    Any issue of law that is more properly considered an issue of fact.

10. The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel.**

    **a.**    To be offered by the Plaintiff:

        P-1    April 2008 Grand Jury Report

        P-2    Minutes of Board of Selectmen, August 11, 2009

FORM 3 (ND/SD MISS. DEC. 2011)

        P-3    Right to Sue letter

The Defendants object to the Plaintiff's introduction or reliance upon the above listed exhibits as the Plaintiff did not disclose such documents at any time during the discovery process, as required by Federal Rule of Civil Procedure 26. In addition, the Defendants object to P-3 on the basis of relevancy and hearsay.

    **b.**    To be offered by the Defendants:

        D-1    Minutes of the Board of Mayor and Selectmen meeting of August 11, 2009

        D-2    Personnel Action Report regarding Steve Bingham's termination

        D-3    Correspondence from Daniel Tucker dated November 10, 2009

        D-4    Release of Information form executed by Steve Bingham on October 30, 2009

        D-5    City of West Point's recruitment/EEO policy

        D-6    City of West Point's appointment policy

        D-7    City of West Point's grievance policy

        D-8    Personnel action report regarding the hire of Dwight Prisock

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

        D-8    Objection. Relevance.

11.    The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

Defendant may use any trial exhibit in opening statement or closing argument.

Objections, if any, to use of the preceding objects are as follows:

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

Form 3 (ND/SD Miss. Dec. 2011)

12. The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | √ Will Call | √ May Call | Fact Liability Expert Damages | Residence Address & Tel. No. | Business Address & Tel. No. |
|---|---|---|---|---|---|
| Steve Bingham | | √ | Fact/ Liability/ Damages | | Booneville, MS 662-210-1057 |
| Romelle Matthews | | √ | Fact/ Liability | | Tupelo, MS 662-295-1334 |
| Jesse Anderson | | √ | Fact/ Liability | | West Point Police Dept. 662-494-1244 |

Will testify live. All who are called.

Will testify by deposition:

> The Plaintiff reserves the right to use the deposition testimony of any witness who was deposed and is not available for trial.

The Defendants object to the Plaintiff calling each and every one of the witnesses listed above as the Plaintiff did not disclose any of the listed persons in accordance with Federal Rule of Civil Procedure 26 at any time during the discovery period. Furthermore, the Defendants object to any testimony by Romelle Matthews and Jesse Anderson which exceeds the four corners of their affidavits submitted in this case in support of the Plaintiff's opposition to summary judgment as this Court has already ruled that such testimony will not be allowed. In addition, the Defendants object to the testimony of Matthews and Anderson on the basis of relevancy and hearsay.

13. The following is a list of witnesses the Defendants anticipate calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness

Form 3 (ND/SD Miss. Dec. 2011)

constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | √ Will Call | √ May Call | Fact Liability Expert Damages | Residence Address & Tel. No. | Business Address & Tel. No. |
|---|---|---|---|---|---|
| Selectman Jasper Pittman | | √ | Fact/ Liability | | City of West Point, Board of Selectman 204 Commerce Street West Point, MS 39773 662.494.2573 |
| Selectman Charles Collins | | √ | Fact/ Liability | | City of West Point, Board of Selectman 204 Commerce Street West Point, MS 39773 662.494.2573 |
| Selectman Homer Cannon | | √ | Fact/ Liability | | City of West Point, Board of Selectman 204 Commerce Street West Point, MS 39773 662.494.2573 |
| Selectman Rod Bobo | | √ | Fact/ Liability | | City of West Point, Board of Selectman 204 Commerce Street West Point, MS 39773 662.494.2573 |
| Bobby Lane | | √ | Fact/ Liability | | City of West Point, MS P.O. Box 1117 West Point, MS 39733 |
| Daniel K. Tucker | | √ | Fact/ Liability | | 109 North College Street P.O. Box 430 Booneville, MS 38829 662.720.1141 |
| Selectman Keith McBrayer | | √ | Fact/ Liability | | City of West Point, Board of Selectman 204 Commerce Street West Point, MS 39773 662.494.2573 |
| Mayor H. Scott Ross | | √ | Fact/ Liability | | City of West Point, MS 204 Commerce Street West Point, MS 39773 662.494.2573 |

FORM 3 (ND/SD MISS. DEC. 2011)

| Name | | Type | Address |
|---|---|---|---|
| Randolph Jones | ✓ | Fact/ Liability | City of West Point, MS<br>204 Commerce Street<br>West Point, MS 39773 |
| Marion "Bubba" Wilkerson | ✓ | Fact/ Liability | West Point, MS |
| Lela Jack, City Clerk | ✓ | Fact/ Liability | West Point City Hall<br>204 Commerce Street<br>West Point, MS 39773<br>662.494.2573 |
| Delores Doss, Human Resources | ✓ | Fact/ Liability | West Point City Hall<br>204 Commerce Street<br>West Point, MS 39773<br>662.494.2573 |
| Albert Lee | ✓ | Fact/ Liability | City of West Point<br>Police Department<br>310 E. Westbrook Street<br>West Point, MS 39773<br>662.494.1244 |
| Ken Poole | ✓ | Fact/ Liability | City of West Point<br>Police Department<br>310 E. Westbrook Street<br>West Point, MS 39773<br>662.494.1244 |
| Avery Cook | ✓ | Fact/ Liability | City of West Point<br>Police Department<br>310 E. Westbrook Street<br>West Point, MS 39773<br>662.494.1244 |
| Mike Burgess | ✓ | Fact/ Liability | City of West Point<br>Police Department<br>310 E. Westbrook Street<br>West Point, MS 39773<br>662.494.1244 |
| Stanley Magee | ✓ | Fact/ Liability | City of West Point<br>Police Department<br>310 E. Westbrook Street<br>West Point, MS 39773 |

FORM 3 (ND/SD MISS. DEC. 2011)

| Name | | Type | Address |
|---|---|---|---|
| Carl Lampton | ✓ | Fact/ Liability | 662.494.1244 City of West Point Police Department 310 E. Westbrook Street West Point, MS 39773 662.494.1244 |
| Shawn Keller | ✓ | Fact/ Liability | City of West Point Police Department 310 E. Westbrook Street West Point, MS 39773 662.494.1244 |
| Jimmy Birchfield | ✓ | Fact/ Liability | City of West Point Police Department 310 E. Westbrook Street West Point, MS 39773 662.494.1244 |
| Autumn Burns | ✓ | Fact/ Liability | West Point, MS |
| Brad Nester | ✓ | Fact/ Liability | West Point Water and Light Department 300 Broad Street West Point, MS 601.494.1432 |
| Dwight Priscock Water and Light Superintendent | ✓ | Fact/ Liability | West Point Water and Light Department 300 Broad Street |

Will testify live.   All who are called.

Will testify by deposition:

    The Defendants reserve the right to use the deposition testimony of any witness who was deposed and is not available for trial.

14.   This (✔) \_\_\_\_✓\_\_\_\_ is _____ is not a jury case.

15.   Counsel suggests the following additional matters to aid in the disposition of this civil action:

FORM 3 (ND/SD MISS. DEC. 2011)

None.

16. Counsel estimates the length of the trial will be:

Four (4) days

17. As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the __13th__ day of __March__, 2012.

_____
Senior United States District Judge

s/ Robert E. Sanders
Attorney for Plaintiff

s/ Michelle T. High
Attorneys for Defendants

Entry of the preceding Pretrial Order is recommended by me on this, the 13th day of March, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

60126561.1